## J. G. DITMAN v. C. B. COTTRELL & SONS.

ERROR TO THE COURT OF COMMON PLEAS NO. 2 OF PHILADEL-
PHIA COUNTY.

Argued April 9, 1889—Decided April 22, 1889.

Where, on a sheriff's interpleader, the claimants showed a written agree-
ment between themselves and the execution defendant whereby in con-
sideration of a fixed sum to be paid in monthly instalments, they
agreed to let to hire to the latter the property levied upon, for a term of
years, and in case of no default, to execute a bill of sale of the prop-
erty, the agreement as to the creditors of the execution defendant was
a bailment and not a conditional sale: Rowe v. Sharp, 51 Pa. 26; En-
low v. Klein, 79 Pa. 488.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and
McCOLLUM, JJ.

No. 177 January Term 1889, Sup. Ct.; court below, No.
226 December Term 1887, C. P. No. 2.

On January 19, 1888, Joseph G. Ditman issued an execu-
tion on a judgment against James F. Dickson, doing busi-
ness as James F. Dickson & Co., and levied upon four printing
presses as the property of the defendant. The presses were
claimed by C. B. Cottrell & Sons, and a feigned issue was
ordered on a sheriff's interpleader, in which C. B. Cottrell et
al. were made plaintiffs and J. G. Ditman was made defendant.

At the trial of the issue on November 14, 1888, the plaintiffs
offered in evidence three agreements in writing between them-
selves and the defendant in the execution. The agreements
were similar in form, as follows:

" This indenture made December 10, 1885, etc., Witnesseth,
that the said parties of the first part, have agreed to let, to
hire, and they do hereby let, to hire, to the said party of
the second part for the term of two years and six months, com-
mencing with the date of these presents, the following de-
scribed property . . . . . for the consideration of the sum of
thirty-two hundred dollars, with interest, which said parties
of the second part is to pay as follows, to wit: Three hundred

dollars when press is set up, and one hundred dollars on the twenty-eighth day of each month thereafter, until the said sum of thirty-two hundred dollars shall be fully paid, such deferred payments to be evidenced by notes bearing interest at the rate of six per cent per annum.

" It is further agreed between the said parties to these presents, that if default be made by said James F. Dickson & Co., their heirs, administrators or assigns, in the payment of any one or more of the aforesaid sums, or instalments of hire, it shall be lawful for the said C. B. Cottrell & Sons to re-enter into possession of said press, and it is hereby expressly agreed that they may repossess, remove, take away, and enjoy the said press as though the agreement of hire had never been made and entered into. The said press to be put into the printing office of the said James F. Dickson & Co., at 27 and 29 South Seventh street, Philadelphia, Pa., and is to be there kept and used, and is not to be removed therefrom without the written consent of the said C. B. Cottrell & Sons, and at the expiration of the said term of hiring, the said press to be given up, and the possession thereof surrendered by the said party of the second part to the said C. B. Cottrell & Sons, in as good condition as it is now, all reasonable wear and tear excepted.

" The said parties of the second part hereby further agree to keep the said press insured against loss or damage by fire.

\* \* \* \* \* \* \* \*

" The said parties of the first part hereby covenant and agree that the said party of the second part on paying the above specified instalments, and performing the covenants aforesaid, shall and may peaceably and quietly have, hold, and enjoy the said press for the said term.

" The said C. B. Cottrell & Sons hereby further promise and agree that if the said James F. Dickson & Co., their heirs, administrators or assigns, shall well and truly keep the covenants herein made, and shall make no default in the payment of any one or more of the instalments of hire aforesaid, as the same shall fall due and payable, and this indenture shall not be sooner determined by mutual consent or otherwise, they will execute and deliver to said James F. Dickson & Co., their heirs, administrators or assigns, a bill of sale for said press, the consideration whereof shall be the amount of the above mentioned instalments of hire.

" In witness whereof," etc.

The defendant offered no evidence but requested the court to charge that,

" The leases, while good as such between the parties to them, were as to the creditors of Dickson a conditional sale and passed such title to Dickson as to render the presses liable to be taken in execution by his creditors."

The court, HARE, P. J., refused the point and instructed the jury to find a verdict for the plaintiffs.

The jury returned a verdict for the plaintiffs as directed. A rule for a new trial having been discharged, the defendant in the issue took this writ, and assigned as error:

1. The answer to the defendant's point.

2. The instruction to find for the plaintiffs.

*Mr. Charles Lex Smyth*, for the plaintiff in error:

Cited Heath v. Page, 48 Pa. 130; Bryant v. Hagerty, 87 Pa. 256; Nellis v. Coleman, 98 Pa. 465; Spear v. Railroad Co., 119 Pa. 69; Pegg v. Rist, 15 W. N. 70; Forrest v. Nelson, 108 Pa. 481; Wire Book Machine Co. v. Crowell, 19 W. N. 55; Martin v. Mathiot, 14 S. & R. 214; Jenkins v. Eichelberger, 4 W. 121; Haak v. Linderman, 64 Pa. 499; Stadtfeld v. Huntsman, 92 Pa. 53; Krause v. Commonwealth, 93 Pa. 421; Brunswick v. Hoover, 95 Pa. 509.

*Mr. L. R. Fletcher*, for the defendants in error:

Cited Rowe v. Sharp, 51 Pa. 26; Enlow v. Klein, 79 Pa. 488; Rose v. Story, 1 Pa. 190; Stadtfeld v. Huntsman, 92 Pa. 53; Wertz v. Collender Co., 20 W. N. 59; Myers v. Harvey, 2 P. & W. 478; Chamberlain v. Smith, 44 Pa. 431; Clark v. Jack, 7 W. 375.

PER CURIAM:

The question here is whether the agreement of December 10, 1885, is a conditional sale or a bailment. The learned court below ruled that it was a bailment, and we see no error in this. The case comes distinctly within Rowe v. Sharp, 51 Pa. 26, and Enlow v. Klein, 79 Pa. 488, and that line of cases.

Judgment affirmed.