## Charles Lippincott & Co. v. L. H. Holden, Appellant.

*Bailment—Conditional sale—Effect of notes.*

A contract in writing admitted to be a carefully drawn contract of bailment is not converted into a conditional sale upon proof that notes were given by the bailee for the deferred payments; in the absence of proof to the contrary they are to be considered as made at the same time and construed as constituent parts and in aid of the contract as a convenience to facilitate the payment of instalments as they fall due.

Argued April 25, 1899. Appeal, No. 212, April T., 1899, by defendant, from judgment of C. P. No. 3, Allegheny Co., Aug. Term, 1895, No. 252, on verdict for plaintiff. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by ORLADY, J.

Replevin for a soda water fountain.

It appears from the record and the evidence that plaintiffs delivered to one Dorrity a soda water apparatus under a contract in writing which was admitted to be a carefully drawn contract of bailment.    This contract was not executed until the delivery of the property and until the first payment was made, when notes were given covering the deferred payments called for in the contract.    The contract did not specifically provide for such notes.    The court directed a verdict for plaintiff.

Verdict and judgment for plaintiff for $240.70.    Defendant appealed.

*Error assigned* was in directing a verdict for plaintiff.

*William R. Blair*, for appellant.—There are of course many cases entirely familiar to the court, in which the rent reserved for the use is substantially the value of the goods; but in all these cases, it will appear that, though the rent is out of all proportion to the worth of the limited use merely, yet the parties have indisputably chosen to so agree, and that their agreement must be maintained: Brown Bros. v. Billington, 163 Pa. 76.

The very utmost the appellee could have lawfully asked the court below to do, was to have submitted to the jury the question, whether the transaction as a whole was a sale, or a bailment.

*Jno. P. Hunter*, for appellees.—In Ditman v. Cottrell, 125 Pa. 606, a contract of bailment was executed with the provision, "such deferred payments to be evidenced by notes bearing interest at the rate of 6 per cent per annum," etc., and it was held that this did not change the character of the paper, but that a contract of bailment existed.    Wherein should it be different because the parties agreed between themselves, the one to give, and the other to accept notes for the rental which the agreement provided should be paid, and why should the court submit to the jury to determine as a matter of fact that the parties have given notes for these rentals, that this might constitute a sale and not a bailment?

The case clearly comes within the rule laid down in Rowe v. Sharp, 51 Pa. 26, and Brown v. Billington, 163 Pa. 76.

OPINION BY ORLADY, J., July 28, 1899 :

Under the terms of a contract in writing, the plaintiff delivered to one Dorrity a soda water apparatus and fixtures and at or about the same time took from Dorrity certain promissory notes representing the amount and maturity of the deferred payments mentioned in the writing, which is admitted to have been a carefully drawn contract of bailment.   After paying some of the notes the property was sold by Dorrity or at a sale of his personal property to the L. H. Harris Drug Company, which subsequently sold it to the defendant who had no knowledge of the plaintiff's claim.   The fountain was marked "Charles Lippincott & Co.," but whether it was to indicate an owner or maker is not stated.   An action of replevin was brought by the plaintiff against Dorrity and the defendant, which action at the trial was discontinued as to Dorrity and proceeded into a verdict, under the direction of the court in favor of the plaintiff for $240.70, this being the amount of the unpaid purchase money with interest thereon due on the contract.

We are asked to decide that because the property was not delivered until Dorrity gave his notes for the deferred payments, they not being provided for in the original contract, that the transaction was a sale and not a bailment and that the case should have been submitted to determine that question.   While there is some doubt as to when the contract and notes were signed, it is apparent that the contract was not executed until the delivery of the property and until the first payment was made.   At that time the contract and the notes related to the same subject-matter, and in determining their effect, they are to be considered, in the absence of proof to the contrary, as made at the same time.   The character of the transaction is to be ascertained by the contract thus made : Brown Bros. & Co. v. Billington, 163 Pa. 76.   It is not contended that there was any change of intention in the minds of the parties as in Goss Printing Press Co. v. Jordon, 171 Pa. 474, and the giving of the notes is to be construed in aid of the contract as a convenience to facilitate the payment of the instalments as they fell due. They were constituent parts of one contract, as in Ditman v.

Cottrell, 125 Pa. 606, and Ott v. Sweatman, 166 Pa. 217. Parol evidence is admissible to explain a receipt, an entry in a bank book, or to show the purpose for which a note is given : Shaeffer v. Sensenig, 182 Pa. 634, and from the testimony of Dorrity it is plain that the notes were not independent of the contract, or that they affected the rights of the parties to it. A large number of cases bearing on the question are cited in 2 P. & L. Dig. of Dec. & Ency. of Pa. Law, title "Bailment," and in none do we find that it is material whether reference is made to the notes in the contract or not.

The judgment is affirmed.