# Euwer, Appellant, v. Greer.

*Contract—Bailment—Sale—Interest.*

A contract designated as one of renting only and not of sale, which provides for a letting for hire for a fixed amount during a definite term, and for a return of the leased chattels to the lessor at the expiration of the term, is a contract of bailment; and it is immaterial that the contract provided for interest on overdue payments.

Argued May 10, 1905.    Appeal, No. 126, April T., 1905, by defendants, from judgment of C. P. Lawrence Co., March T., 1904, No. 93, on case stated in suit of J. N. Euwer's Sons' Sons v. Josiah Greer and John F. Greer, trading as J. Greer & Son. Before BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Reversed.

Case stated to determine liability on a contract.

The case stated was as follows:

And now, April 5, 1904, it is hereby agreed by and between the parties to the above suit that the following case be stated for the opinion of the court.

If the court be of the opinion that the contract attached to and made a part of plaintiff's affidavit of claim, and marked Exhibit " A " be a contract of lease or bailment, then judgment to be entered for the plaintiffs generally for the goods and chattels described in the writ, but if the court be of the opinion that the above-mentioned contract is a contract of conditional sale, then judgment to be entered for the defendants for the sum of $59.25.    The costs to follow the judgment, and either party reserving the right to sue out a writ of error therein.

E. M. UNDERWOOD.

Attorney for Plaintiffs.

E. F. G. HARPER,

Attorney for Defendants.

" EXHIBIT ' A ' ATTACHED TO PLAINTIFFS' STATEMENT.

" This agreement, made June 23, 1903, between J. N. Euwer's Sons' Sons of New Castle, Pennsylvania, hereinafter called the bailors, of the first part, and J. P. Miles, Elm street, 7th ward, hereinafter called the bailee, of the second part.

" Witnesseth, that the said bailors in consideration of the agreements and stipulations hereinafter mentioned to be kept and performed by the bailee, has this day rented to the said bailee the articles mentioned and set out in the schedule upon the back of this agreement, and hereby made a part hereof, and valued at $250 more or less, for a period of six months from the date hereof for the sum of $250 payable as follows : $20.00, the receipt of which is hereby acknowledged, and the balance to be paid promptly at the office of the said bailor in New Castle, Pennsylvania, within six months in suitable payments per month, but not less than $15.00 per month during the continuance of this agreement.

" The said bailee covenants and agrees to punctually pay the said rent as above specified to the said bailors on the several days and times as the same shall become due ; to take good care of the said property ; that he will not attempt to sell or rent the property, or assign this agreement, or in any way part with the possession of the said property, or any part thereof from the said premises where the same is delivered to said bailee ; that he will at any time, when so required, exhibit the said property to the said bailors or their agents ; and will give immediate notice to said bailors of any distress, levy or execution issued upon or against said property.

" It is distinctly understood and agreed between the parties hereto that this is a contract of renting only, and not a sale, conditional or otherwise.

" And in case default be made in any of the payments as above agreed upon, or in case of the breach of any of the covenants aforesaid, or in case a petition in bankruptcy be filed by or against the said bailee, the said bailee agrees to forthwith deliver said property to said bailors, or will permit the said bailors or their agents to enter into or upon any premises where any of said property may be, and without let or hindrance take away the same, using such force as may be necessary in the removal thereof, hereby releasing all errors and right of action which said bailee may have for such forcible taking. It is further agreed that all money paid or payable to the said bailors prior to said repossession shall be retained or recoverable by the said bailors as rent or hire for the use of said goods without abatement or reduction.

" And the said bailee further agrees that upon default being made in any of the payments of rent as aforesaid for ten days after the same shall be due and payable, the whole of the said rent unpaid may at the option of the said bailors become due and payable forthwith, and the said bailee hereby empowers any attorney of any court of record within the United States to appear for him and confess judgment against him for the amount of the rent unpaid, waiving stay of execution, right of appeal, error, inquisition and all exemption laws, with ten per cent added as attorney fees for collection.

" It is further agreed by the said bailee that he will at the expiration of the time for which the goods are rented, return the same to the bailors, in good order and condition, and that upon the return of the goods as aforesaid, the payment of all the money due and payable under this agreement, and the performance of all the covenants herein contained, this agreement shall cease and determine.

" It is also agreed that if at any time during the term of this bailment, or at the end thereof, the said bailee desires to purchase the said goods upon the payment of such sum as would amount, with the previous payment of rent, to the sum of $250 shall have the right to do so, and shall receive a bill of sale for the same.

" Witness our hands and seals the date first above written.

" Interest at six per cent will be added to this bill.   If paid within ninety days, a discount will be given.

" J. P. MILES. [L. s.]

" Witness :

  "H. I. WATSON."


The court, in an opinion by WALLER, P. J., entered judgment for defendant on case stated.


*Error assigned* was the judgment of the court.


*E. M. Underwood*, for appellants.


*Aaron L. Hazen*, with him *E. F. G. Haroer* and *John P. Lockhart*, for appellees.

OPINION BY HENDERSON, J., October 9, 1905:

This case was heard in the court below on a case stated, and turns on the interpretation to be given to the contract attached to the plaintiff's statement of claim. This contract is in form a lease of the chattels therein described, and creates a bailment. It provides for a letting for hire for a fixed amount during a definite term, and for a return of the leased property to the lessor at the expiration of the term. It is also expressly provided that the contract is one of renting only and not a sale, conditional or otherwise. This is not a controlling consideration, as the intention of the parties is to be determined from the whole contract, but is of value in connection with the other provisions of the contract in determining the character of the title acquired.

The agreement of the parties is within the doctrine of Enlow v. Klein, 79 Pa. 488; Ditman v. Cottrell, 125 Pa. 606; Lippincott v. Scott, 198 Pa. 283; Stiles v. Seaton, 200 Pa. 114; Harris v. Shaw, 17 Pa. Superior Ct. 1, and Painter v. Snyder, 22 Pa. Superior Ct. 603.

The provision in the contract for the payment of interest does not change the character of the agreement. It is somewhat ambiguous in form, but should be construed in connection with the other stipulations for the payment of money. A charge for interest on overdue payments is not inconsistent with the preceding contract of bailment. Interest was contracted for in Ditman v. Cottrell supra and Lippincott v. Scott, supra.

The judgment is reversed and judgment is now entered on the case stated in favor of the plaintiff for the goods and chattels described in the writ.