# John F. Byers Machine Company *v.* Risher, Appellant.

*Bailment—Sale—Change of contract.*

1. A written contract for the sale of a chattel may be subsequently changed by the parties into a bailment with an alternative for future conversion into a sale on compliance with stipulated conditions.

2. The fact that promissory notes are given for the installments of a rental in a bailment of a chattel, does not change the bailment into a contract.

Argued May 11, 1909. Appeal, No. 64, April T., 1909, by defendants, from judgment of C. P. Butler Co., March T., 1904, No. 19, on verdict for plaintiff in case of John F. Byers Machine Company v. H. A. Risher and George A. Dean. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Replevin for an engine and its equipment. Before GAL-BREATH, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,122.23. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*David S. McCann*, with him *Lev. McQuistion*, for appellants.—It is unquestionably the law of Pennsylvania that where a sale is made upon credit and afterwards at or after the time of delivery a lease or bailment of the goods is taken, the two papers must be regarded as one transaction, and taken together they amount to a sale with a lease thereof as security for payment: Brunswick, etc., Co. v. Hoover, 95 Pa. 508; Cooper v. Whitmer, 18 W. N. C. 376; Wagner v. Com., 15 W. N. C. 14; In re Poore, 140 Fed. Repr. 786; Morgan-Gardner Electric Co. v. Brown, 193 Pa. 351; Ott v. Sweatman, 166 Pa. 217.

*H. H. Goucher*, for appellee.—We contend that the court rightly construed the transaction resulting in the final agreement of May 5 to be a contract of bailment: Rose v. Story, 1 Pa. 190; Edwards's App., 105 Pa. 103; Goss Printing Press Co. v. Jordan, 171 Pa. 474.

The fact that the original intention of the parties is to make a sale, and such is the legal effect of their first agreement, does not prevent a change, while it is still executory, into a bailment with an alternative of future conversion into a sale on the compliance with stipulated conditions: Goss Printing Press Co. v. Jordan, 171 Pa. 474; Stiles v. Seaton, 200 Pa. 114; American Car, etc., Co. v. Altoona, etc., R. R. Co., 218 Pa. 519; Miller v. Douglas, 32 Pa. Superior Ct. 158.

OPINION BY ORLADY, J., March 3, 1910:

On April 4, 1903, the plaintiff company proposed in writing to furnish, packed and delivered, f. o. b. cars, Ravenna, Ohio, to George W. Smith, a hoisting engine and certain accessories, in which writing it was provided that the title to this property was to remain in the name of, and be the property of

John F. Byers Machine Company until fully paid for. This proposition was accepted by Smith in writing. Subsequently, on May 5, 1903, the parties by a more formal writing under seal, provided that the plaintiffs, as lessors, "hereby lease and hire the described property unto George W. Smith, lessee, of Parkers Landing, for the term of four and one-half months beginning May 5th and ending September 20th, 1903," in consideration of which the lessee agreed to pay the lessor as rent and hire for the property for the term stipulated, amounts to be represented by his promissory notes, in monthly installments, the first becoming due on June 12, and providing further that in the event of the nonpayment of any of the notes, the plaintiff was authorized without process of law to retake immediately the possession of the property. And, further, the lessee agreed that at the expiration of the term he would return the property, and that upon the payment of the full rental price, he should have the option for ten days thereafter to purchase the property for the sum of $1.00, and upon payment thereof, a bill of sale would be delivered to him. The property was received by Smith and installed in Butler County, Penna.; and on June 12, the day the first note matured, the lessee made default, and gave notice to the lessor of his abandonment of the property, and directed the plaintiff "to go to Parker's Landing and get the hoist." Pursuant to this notice, the company sent their representative to take possession of the machine and to ship it back to Ravenna. They found it in the woods, prepared it for shipment as the property of the plaintiff company. A day or so prior to this, attachment proceedings had been instituted against Smith as an absconding debtor, and this resulted in a seizure and sale by a constable of the property, and in its purchase by the defendants. This action of replevin was instituted to recover possession thereof.

On the trial it was properly held that the plaintiff's right depended upon the construction of the agreement of May 5. The fact that the original intention of the parties was to make a sale, and such is the legal effect of their first agreement, did not prevent a change in the contract while still existing, into a

bailment with an alternative of future conversion into a sale on compliance with stipulated conditions: Goss Printing Press Company v. Jordan, 171 Pa. 474; American Car, etc., Company v. Altoona, etc., R. R. Company, 218 Pa. 519; Miller v. Douglas, 32 Pa. Superior Ct. 158. Nor does the fact that promissory notes were given for the installments of a rental change the nature of the contract: Ditman v. Cottrell, 125 Pa. 606; Lippincott v. Scott, 198 Pa. 283.

The proposition of April 4 became nugatory by the contract of May 5. While the earlier one was an accepted proposition, it was fully merged in the one of later date. The proceedings before the magistrate were so irregular that no title passed to the purchaser at the constable's sale. The contract being one of bailment and not a conditional sale, no sale of this property as that of Smith would operate to divest the title of the plaintiff thereon. Smith having made default and the plaintiff promptly acting thereon, by taking possession of the property pursuant to the notice given by Smith, the bailment was terminated at that moment: Stiles v. Seaton, 200 Pa. 114.

The assignments of error are overruled and the judgment is affirmed.