# CASES

## ARGUED AND DETERMINED

### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS THE DISTRICT COURTS, AND THE COMMERCE COURT

---

## L. C. SMITH & BRO. TYPEWRITER CO. v. ALLEMAN.

(Circuit Court of Appeals, Third Circuit. October 11, 1912.)

### No. 1,573.

**1. SALES (§ 454*)—CONDITIONAL SALE—DISTINGUISHED FROM BAILMENT.**

Claimant delivered a typewriter to a bankrupt under a contract providing that it was hired for the term of seven months at a rental of $100 payable in installments, the machine to be returned to claimant at the expiration of the term or on default of any payment, and that at the expiration of the term, on payment of $1 in addition to the sum paid for rental, the claimant would execute a bill of sale of the machine to the bankrupt. *Held*, that the writing on its face constituted a good bailment, and not a conditional sale.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1324, 1325, 1333, 1334; Dec. Dig. § 454.*]

**2. CONTRACTS (§ 170*)—PRACTICAL CONSTRUCTION.**

Where the words of a written contract are equivocal, evidence of the subsequent acts of the parties thereunder is admissible to show how they understood the contract, on the theory that such acts are a binding practical construction thereof; but, if the meaning of the contract is clear, the intention of the parties must be determined by the language, and evidence of a practical construction is inadmissible.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 753; Dec. Dig. § 170.*]

**3. SALES (§ 454*)—CONDITIONAL SALES—DISTINGUISHED FROM BAILMENT.**

While the mere use of the words "lease" and "rental," in a written contract relating to personalty, will not convert into a bailment what would otherwise be a conditional sale, yet, even in a contest where execution creditors are concerned, if the contract by its term is a bailment, the courts will give it effect as such to the exclusion of the execution creditor.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1324, 1325, 1333, 1334; Dec. Dig. § 454.*

What constitutes a contract of conditional sale, see note to Dunlop v. Mercer, 86 C. C. A. 448.]

---

4. SALES (§ 459*)—CONDITIONAL SALE—ELEMENTS—TRANSFER OF TITLE.

    To constitute a contract a conditional sale of personal property, the title thereto must have passed to the buyer when the property was received into its possession.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1337–1347; Dec. Dig. § 459.*]

5. BANKRUPTCY (§ 140*)—PERSONAL PROPERTY—BAILMENT OR SALE.

    Claimant leased a typewriter to a bankrupt under a written contract for hire for the term of seven months at a rental of $105 payable $30 on the execution of the agreement, and monthly installments thereafter. It also provided for the return of the machine at the end of the time or on default, and in case the payments were fully made the bankrupt was to be entitled, in consideration of the further payment of $1, to a bill of sale at the end of the term. *Held*, that the fact that payments of unequal amounts were made and accepted at irregular intervals up to a time shortly before the intervention of bankruptcy proceedings and the failure of the bankrupt to return the machine at the end of the term, and of the claimant to pursue its remedy to retake the same until six months after the expiration of the term and after the intervention of bankruptcy, did not change the contract from one of bailment to a conditional sale so as to deprive the claimant of its right to recover the property against the bankrupt's trustee.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. § 140.*]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania.

Bankruptcy proceedings against the Franklin Lumber Company, Incorporated. On petition to review a decree (187 Fed. 281) affirming a referee's order denying the application of the L. C. Smith & Bro. Typewriter Company for the return of a typewriter delivered to the bankrupt under a bailment contract. Reversed.

John G. Johnson, of Philadelphia, Pa., and Wm. F. Berkowitz, for appellant.

D. Hays Solis-Cohen and Albert L. Moise, both of Philadelphia. for appellee.

Before GRAY, Circuit Judge, and BRADFORD and WITMER, District Judges.

WITMER, District Judge. Whether the contract in suit is a bailment or conditional sale is here presented by this record. The writing was entered into between the L. C. Smith & Bro. Typewriter Company and the Franklin Lumber Company, Incorporated, on the 4th day of February, 1909. The latter having since been declared a bankrupt, its creditors are represented by S. H. Alleman, as trustee.

The contract discloses that the Smith Company delivered to the Franklin Company a certain typewriter, designated by factory number, for use and hire for the term of seven months, at a rental of $105, payable as follows: $30 upon the execution of the agreement, and $10 per month thereafter, and one payment of $15 at the office of the Smith Company, without notification or demand. The Franklin Company agreed to preserve the property in as good

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

order and condition as received, natural wear and use only excepted, to exhibit the same to the Smith Company when desired, and not to remove the machine without the consent of the latter. The contract also provides for the return of the property to the Smith Company at the expiration of the term. It furthermore provides, "upon default of payment or payments," the Franklin Company should return the machine to the Smith Company; otherwise the latter was authorized to retake the same. There is also this provision:

"It is further agreed between the parties that upon the return of the property at the expiration of the term, that upon the payment of one dollar by the party of the second part. in addition to the sum paid for rental, the party of the first part (Smith Company) will execute a bill of sale of the aforesaid property to the party of the second part (Franklin Company)."

Payments under this agreement aggregating $70 were made in unequal amounts at irregular intervals up to May 4, 1910, shortly before the Franklin Company was declared a bankrupt.

The referee held that the "conduct of the parties" to the agreement, subsequent to its execution, referring to these payments, operated to convert what was once a bailment into a conditional sale. The learned court, in reviewing his decision, held that the contract had not been changed from a bailment to a conditional sale, but that, viewing it in the light of the subsequent acts of the parties, it had always been a conditional sale, saying:

"In our opinion, the contract has not been changed, but only been interpreted by the subsequent conduct of the parties. In reality it has always been a contract of conditional sale, although it may be true that the bankrupt himself would not have been permitted to prove its true character."

[1] The referee and the court below both agree that, upon its face, the writing constitutes a good bailment. Indeed, under the authorities this cannot be controverted. It bears all the indicia of a bailment and does not contain any of the disabling elements, whereby contracts intended as bailments are sometimes construed by the courts to be conditional sales. Liquid Carbonic Co. v. Quick et al., 25 Am. Bankr. Rep. 396, 182 Fed. 603, 105 C. C. A. 141; Dando v. Foulds, 4 Penny. (Pa.) 342; Ditman v. Cottrell, 125 Pa. 606, 17 Atl. 504; Wheeler & Wilson, etc., v. Heil, 115 Pa. 487, 8 Atl. 616, 2 Am. St. Rep. 575; Collins v. Railroad Co., 171 Pa. 243, 33 Atl. 331; Harris v. Shaw, 17 Pa. Super. Ct. 1; Jones v. Wands, 1 Pa. Super. Ct. 269.

An analysis of the statement of facts relied upon by the court warranting in his opinion the interpretation that this paper, upon its face a good bailment, was in reality a conditional sale, were: (a) Payments under the agreement in sums other than therein provided; (b) payments at irregular intervals; (c) failure by the Franklin Company to return the machine to the Smith Company at the expiration of the term provided for; and (d) failure by the Smith Company to pursue its remedy under the contract and retake the machine, until six months after the expiration of the term and after the bankruptcy of the Franklin Company.

[2] It is a cardinal rule in the interpretation of contracts that, if the words or terms thereof are equivocal, the subsequent acts of the parties thereunder are admitted to show how the parties understood their contract, and such acts are a practical construction of it. 1 Beach on Contracts, § 721, p. 875. However, where the contract is free from ambiguity, and its meaning is clear in the eye of the law, such mode of construction is inadmissible. The practical construction of a contract adopted by the parties thereto will not control or override language that is so plain as to admit of no controversy as to its meaning. In such cases the intent of the parties must be determined by the language employed, rather than by their acts. 1 Beach on Contracts, § 722, p. 877.

As was said in Wright v. Gas Co., 2 Pa. Super. Ct. 219:

"The parties to a contract, where there may be some ambiguity, always have a right and can put their own construction upon their own lease, and it is a proper question to submit to the jury whether both parties agree to such a mutual construction, and the jury so finding should adopt such construction as their own."

But, where there is no ambiguity, the fact that a party acted in accordance with a certain construction does not make such construction binding upon him. Penna. Co. v. Erie, etc., Co., 108 Pa. 621.

The learned court furthermore says:

"Assuming that the bankrupt would be bound by the words of this agreement and could not deny it to be a lease, his trustee is not so bound, and may contend that the contract is really one of conditional sale. In such a contention he may offer any competent and relevant evidence, and it is obvious, I think, that the conduct of the parties may ordinarily throw much light on the true meaning of their agreement. If they treat it as a contract of sale, it makes no difference what name they have given it. A creditor may adopt their own construction, and they cannot successfully object."

The learned judge cites, in support of this, the cases of Brunswick v. Hoover, 95 Pa. 508, 40 Am. Rep. 674, Peck v. Heim, 127 Pa. 500, 17 Atl. 984, 14 Am. St. Rep. 865, and Ott v. Sweatman, 166 Pa. 217, 31 Atl. 102. All of these cases were contests in which execution creditors figured. In each case the contract was held to be a conditional sale and not a bailment. This construction, however, was based upon a written contract, which bore upon its face the indicia of a conditional sale.

[3] While it is true that the mere use of the words "lease" and "rental," in a written agreement relating to personalty, will not convert into a bailment what must otherwise be construed as a conditional sale (Kelly Road Roller Co., Appellant, v. Spyker, 215 Pa. 332, 64 Atl. 546; Morgan-Gardner Elec. Co. v. Brown, 193 Pa. 351, 44 Atl. 459), yet, even in a contest in which execution creditors are concerned, if the contract by its terms is a bailment, the courts will give it its effect to the exclusion of the execution creditor (Ditman v. Cottrell, 125 Pa. 606, 17 Atl. 504). In this case, where, on a sheriff's interpleader, the claimants showed a written agreement between themselves and the execution defendant, where-

by, in consideration of a fixed sum to be paid monthly, they agreed to let to hire to the latter the property levied upon, for a term of years, and, in case of no default, to execute a bill of sale of the property, the agreement as to the creditors of the execution defendant was held by the Supreme Court of Pennsylvania to be a bailment and not a conditional sale.

[4] Under the authorities, to constitute this contract a conditional sale, the title to the machine must have passed to the Franklin Company at the time it received it into its possession. Said Mr. Justice Gorden, in the case of Dando v. Foulds, supra:

"It is to be observed that, to bring the case within the statute of Elizabeth, the contract must vest presently a title of some kind in the buyer, and the mere right to acquire title at some future time, or upon the happening of some future contingency, will not have that effect. Rose v. Story, 1 Pa. 190, 44 Am. Dec. 121. In other words, the title to the goods must pass to the vendee at the time he receives the possession, otherwise there is no sale, but only a bailment."

[5] Did the Franklin Company acquire any kind of title under the contract, at the time it received the machine into its possession? Answering the question upon an inspection of the instrument, under the Pennsylvania authorities, we say it did not. It cannot be seriously argued that, if the controversy at bar had arisen during the first month of the term, the trustee in bankruptcy could have wrested the possession of the machine from the Smith Company under the contract. At that time any subsequent acts could not have been proven, because there were none. It then would have been held that the contract is a bailment.

Therefore this court holds that, since the contract is plain and unambiguous, it is not permissible to resort to the subsequent actions of the parties thereunder, in order to its interpretation, and that, even though it was permissible so to do, the actions relied upon are insufficient to overcome or overrule the plain terms of the writing.

Again, the indulgences as to manner and time of payment of rental and retention of chattel by the Franklin Company after the expiration of the seven months' term cannot operate to change the construction which otherwise would be put upon the instrument. Conceding that there was a parol agreement modifying the contract as to the time when the installments should be paid, that will not avoid the remaining covenants in the contract, and it still remains a bailment upon its plain terms. Said Mr. Justice Porter in Whitehill v. Schwartz, 27 Pa. Super. Ct. 529:

"Even if the parol agreement. modifying the written contract as to the time when the installments of rent should be paid, was made, all the other covenants of the lease were still binding on the parties. The relations of the parties to the property and to each other remained unchanged, and a default in payment of an installment of rental, at the time it became due under the new contract, would involve all the consequences stipulated for in the written agreement."

Grant that there was a subsequent parol agreement modifying the definite term of the contract into an indefinite one. That circumstance, coupled with the modification of the terms of payment of the rental,

would not be sufficient to warrant the construction that the agreement in writing was a conditional sale.

The desire of many judges to do away altogether with the mischief frequently occasioned by the misuse of contracts of bailment has often led to the error here committed. And while it must be admitted that this device is resorted to by designing persons to cover doubtful transactions, often resulting in injustice to innocent parties, it must be remembered that much of the business of men is dependent upon it, and in many ways it is enabling the poor to hire property needful to them.

Notwithstanding such consideration, the contract, being a bailment in its inception, so remained at the time of the bankruptcy, and the trustee of the Franklin Company is not entitled to retain possession of the machine.

The decree is reversed, with costs.

BRADFORD, District Judge. I am constrained to join in the judgment of reversal solely for the reason that, the decisions of the Supreme Court of Pennsylvania having established a rule of property in force in that state on the subject of conditional sales and bailments of personal property, the federal courts are under obligation to enforce it there without regard to its soundness or unsoundness.