## WALTON v. TEPEL.

### In re A. GAGLIONE & SON.

(Circuit Court of Appeals, Third Circuit. May 8, 1913.)

No. 1703.

SALES (§ 454*) — SALE OR BAILMENT — CONTRACT OF HIRING WITH OPTION TO PURCHASE.

The delivery of machinery by a manufacturer to a user under a contract providing for rental payments, and giving the user the option, after making the last rental payment, of purchasing the machinery by paying an additional sum, under the law of Pennsylvania creates a bailment, and the giving of notes at the time of delivery for the rental payments, and also for the final optional purchase payment, does not convert it into a conditional sale.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1324, 1325, 1333, 1334; Dec. Dig. § 454.*]

Appeal from the District Court of the United States for the Middle District of Pennsylvania.

In the matter of A. Gaglione & Son, bankrupts. From an order denying his petition to recover certain property from Fred W. Tepel, trustee, Pearson M. Walton appeals. Reversed.

For opinion below, see 200 Fed. 81.

T. M. B. Hicks and Wister M. Elliot, both of Williamsport, Pa., for appellant.

A. R. Jackson and M. C. Rhone, both of Williamsport, Pa., for appellee.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below, sitting in bankruptcy, Walton, the appellant, alleging he was the owner of certain machinery in the possession of Tepel, trustee in bankruptcy of Gaglione & Son, petitioned it to be delivered to him. The trustee answered, alleging the title thereto was in the bankrupts. The referee, on reference, reported in favor of Walton. The court reversed the referee and dismissed Walton's petition. Thereupon the latter took this appeal.

Without entering into details, it suffices to say that the two lots of machinery in question were delivered by the plaintiff, a manufacturer, to the defendants, who were users of such machinery, under two contracts which provided for cash and certain rental payments. They further provided, in the one case for $25, and in the other for $75, additional payment by the following stipulation, viz.:

"If the said party of the second part shall faithfully keep and perform this agreement, and make all the payments herein stipulated when due, then and not otherwise the said party of the second part may at their option purchase the said machinery herein rented within thirty days from the expiration of the time for which the same is rented, and not afterwards, by paying to the said parties of the first part seventy-five dollars and no cents purchase money."

In pursuance of a previous verbal understanding, the contracts and notes covering the rental installments and also the payment referred to in the quoted clause, and payable at the dates provided in the contract, were given by the Gagliones to Walton. A part only of the installment notes were paid before bankruptcy. It is not denied that these contracts, under the decisions of the Supreme Court of Pennsylvania—Ditman v. Cottrell, 125 Pa. 606, 17 Atl. 504, and kindred cases—create bailments; but the court below felt constrained to hold that the giving and accepting of these notes, which, it will be observed, included one for the final payment in case the option to purchase provided by the section quoted was exercised, converted such bailment into a conditional sale. Standing alone, and without any evidence or facts showing the parties so intended, we cannot give this effect to the mere taking of notes. While no Pennsylvania state case involves the precise state of facts before us, namely, where one of the notes represents this final, optional, purchase payment, yet the general principle deducible from the adjudged cases is that the mere giving of notes does not turn a bailment into a sale. Lippincott v. Scott, 198 Pa. 283, 47 Atl. 1115, 82 Am. St. Rep. 801; Lippincott v. Holden, 11 Pa. Super.

Ct. 15; Byers v. Risher, 41 Pa. Super. Ct. 469. Manifestly, such notes are given, not to annul a contract of bailment, but to provide for its step by step fulfillment; or, as said in Lippincott v. Scott, supra:

"If he had not given any notes, there would have to be a credit and receipt for each payment; but when he lifted the note it was evidence of payment—evidence of the monthly payment according to the lease."

Taking as a single transaction its several details, viz., the delivery of machines, execution of the contracts, and the giving of the notes for the rental installments and the purchase option, it is clear to us that the payment of all the rental installments was an absolute prerequisite to the exercise of the option to purchase, and that the execution of a note for the option payment, at the time when the installment notes and the contracts of bailment were executed, cannot justly be given the evidential effect of thwarting the undoubted and lawful purpose of the parties to then and there create a bailment.

The case must therefore be reversed, and remanded to the court below, with instructions to confirm the report of the referee.