In re DOYLE et al.

(District Court, E. D. Pennsylvania. May 16, 1913.)

No. 4,565.

1. BANKRUPTCY (§ 143*)—RIGHT PASSING TO TRUSTEE—LIQUOR LICENSE—RENEWAL.

Where the bankrupt possessed a liquor license, the right to which for the current year was sold as a part of the bankrupt's estate, but at the time of the adjudication no application for renewal thereof had been filed, the bankrupt's right to a renewal did not pass as a part of the bankrupt's estate, and he could not therefore be required to join with a purchaser of the balance of the current license in an application to the state authorities for a renewal thereof to such purchaser.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 194, 201, 202, 213–217, 223, 224; Dec. Dig. § 143.*]

2. COURTS (§ 367*)—STATE LAWS AS RULES OF DECISION IN FEDERAL COURTS—RULES OF PROPERTY.

Questions affecting title to property which is created under a state statute must be construed in accordance with the rules of property established by the decisions of the state courts, in administering such property as a part of the estate of the owner in bankruptcy.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 958, 959; Dec. Dig. § 367.*]

In Bankruptcy. In the matter of bankruptcy proceedings of John F. Doyle and another, individually and as partners trading under the name of John F. Doyle & Son. On rule to show cause why the bankrupts should not be punished for contempt in refusing to join in a petition for the renewal of a liquor license to a transferee of the old license under a sale thereof by the bankrupt's receiver. Referee's order directing the bankrupt to join in such petition denied. Proceedings discharged.

The following is the opinion herein of Richard S. Hunter, Referee in Bankruptcy:

The bankrupt was adjudicated on the 29th day of January, 1913, and a receiver appointed on October 18, 1912. The receiver, on March 31, 1913, sold to Francis A. Canuso the retail liquor license of the bankrupts for the premises at the southeast corner of Second and South streets, Philadelphia, for the term ending May 31, 1913, together with the retail liquor license for the premises for the term beginning June 1, 1913. This sale was duly confirmed by the court on April 2, 1913. To secure a transfer of this license to the purchaser it became necessary that the bankrupts should join in the application to the court of quarter sessions, and to file with the clerk of that court a petition praying for the transfer of the licenses. This the bankrupts refused to do, and the receiver took a rule upon them to show cause why they should not so join in the application. A hearing was had. The referee made the rule absolute, and ordered the bankrupts to join in the prayer of the petitioner. The bankrupts refused to join in the said petition as to the license for the term beginning June 1, 1913, on the ground that this license was in the nature of after-acquired property, and did not pass to the receiver in bankruptcy. In support of this proposition his counsel cited Whitlock's Appeal, 39 Pa. Super. Ct. 34, where the court held that a license granted after an adjudication in bankruptcy belonged to the bankrupt personally, and not to the receiver; the appellant having been adjudicated a bankrupt 17 days before the license for the year in question was in existence.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This case was considered in the United States District Court in the Matter of Wiesel & Knaup, 23 Am. Bankr. Rep. 59, 173 Fed. 718, in a case where the petition for a renewal of the license had been filed in the court of quarter sessions by the alleged bankrupt in March, 1909, for the license year beginning June 1, 1909. The bankruptcy proceedings were instituted against Wiesel & Knaup on April 2, 1909, and on April 5th a receiver was appointed and qualified. The renewal was granted on April 30, 1909, and before June 1st of that year the receiver paid the license fee. The license was duly advertised and sold at public sale on October, 1909, as an asset of the bankrupt estate, for the sum of $3,000. The sale was approved by the District Court, and the receiver presented his petition in the court of quarter sessions for a transfer to the purchaser. Wiesel & Knaup refused to aid the receiver in securing a transfer, claiming that the license, having been granted subsequent to the institution of bankruptcy proceedings against them, did not become part of the estate passing into the hands of the receiver. Under these facts, Judge Holland held that the right to apply for a renewal of a liquor license was an asset which passed to the trustee in bankruptcy, quoting therefor In re Fisher, 1 Am. Bankr. Rep. 557, affirmed in 3 Am. Bankr. Rep. 406, 98 Fed. 89; In re Brodbine (D. C.) 2 Am. Bankr. Rep. 53, 93 Fed. 643; In re Becker (D. C.) 3 Am. Bankr. Rep. 412, 98 Fed. 407. He decided that, when a petition in bankruptcy was filed, the old license and the application for a renewal then on file, together with whatever rights and privileges the bankrupt had to a renewal by reason of the possession of the old license in question, passed as an asset to the bankrupt's estate; that, as this license had been advertised and sold by the receiver, it became the duty of the bankrupt to assist the receiver in securing a transfer to the purchaser; and that they were compellable so to do by a summary order of court.

Examining the case of Whitlock's Appeal, supra, Judge Holland distinguished this case, because there the court refused to transfer the license because the petitioner for the transfer "did not present sufficient reasons in his petition to warrant the court in making the transfer." The bankrupts were directed to give the necessary assistance in accordance with the above opinion. The referee cannot doubt that this decision rules the present case, and is one which he should follow. He therefore makes the following order:

And now, to wit, April 18, 1913, after hearing argument in the matter of the petition of George J. Schmidheiser, the receiver herein, for a rule upon said bankrupts to show cause why they should not file forthwith with the clerk of the court of quarter sessions of Philadelphia county a petition praying the judges of the court of quarter sessions of Philadelphia county, sitting as a license court, to transfer to one Francis A. Canuso the retail liquor licenses for the premises at the southeast corner of Second and South streets, in the Fourth ward of the city of Philadelphia, for the term ending May 31, 1913, and for the term beginning June 1, 1913, and to show cause why they should not in all other respects render whatever assistance they can to secure the transfer of said license to said Francis A. Canuso, is made absolute. And it is further ordered that said petition be submitted to the referee for his approval, and be filed with the clerk of the court of quarter sessions of Philadelphia county on or before 2 o'clock p. m. on April 21, 1913, and that said bankrupts appear at the office of the referee, No. 308 Walnut street, on April 22, 1913, at 10 o'clock a. m. to report whether or not the petition as aforesaid had been filed as herein directed.

Otto Wolff, Jr., of Philadelphia, Pa., for receiver.
Michael Francis Doyle, of Philadelphia, Pa., for bankrupt.

THOMPSON, District Judge. The question is whether, the petition for renewal of the license having been filed after the adjudication in bankruptcy, the license granted upon that petition is after-acquired property, which does not pass as part of the bankrupt estate.

[1] Judge Holland decided in the Case of Wiesel & Knaup, 23 Am.

Bankr. Rep. 59, 173 Fed. 718, that the right of a bankrupt to apply for renewal of his license is an asset which passes to his trustee, and that, where the application was filed prior to adjudication, the rights under such application passed to the trustee in bankruptcy. I think the case at bar may be readily distinguished from that case. At the time of adjudication no application for renewal of the license had been filed. Applications of the receiver, the purchaser, and the bankrupt were subsequently filed, and a license for the year beginning June 1, 1913, was, upon consideration of petitions of all parties, granted by the court of quarter sessions to the bankrupt. If the right to apply for a license had matured by the filing of an application prior to adjudication, the case would come within the rule in the Case of Wiesel & Knaup, supra.

In Buck's Estate, 185 Pa. 57, 39 Atl. 821, 64 Am. St. Rep. 816, it was held by Mr. Chief Justice Fell that a license to sell liquor is a personal privilege, which at the death of the licensee does not go to his representatives, and is not an asset of his estate. And in Whitlock's License, 39 Pa. Super. Ct. 34, distinguished by Judge Holland from the Wiesel Case, it was held that a liquor license granted to a person after he has been adjudicated a bankrupt belongs to him personally, and not to his receiver in bankruptcy, and that the receiver has no right to sell such license as an asset of the bankrupt's estate.

In the present case the receiver, after adjudication, applied for a renewal of the license, which application was refused by the quarter sessions court. Whatever inchoate rights existed prior to the adjudication and passed out of the bankrupt at the time of his adjudication were in the nature of a personal privilege. If the license court had seen fit to confer this privilege upon the receiver of the bankrupt estate, it would have been within its discretion to do so. The action of the court of quarter sessions in granting the license to the bankrupt vested the personal privilege arising under the license in the bankrupt as of the time the license was granted.

[2] Questions affecting title to property which is created under a state statute must be construed in accordance with the rules of property established by the decisions of the state courts. Smith Typewriter Co. v. Alleman, 199 Fed. 1, 117 C. C. A. 577; Burgess v. Seligman, 107 U. S. 20, 2 Sup. Ct. 10, 27 L. Ed. 359. The conclusion is inevitable to my mind that, under the rule of property established by the decisions of the state courts, the property in the license vested in the bankrupt, and it was, therefore, after-acquired property, and belongs to the licensee, and is no part of the bankrupt estate.

The order of the referee is therefore reversed, and the rule upon the bankrupt discharged.