## GOTTHOLD v. CROMPTON & KNOWLES LOOM WORKS.

(Circuit Court of Appeals, Third Circuit. February 21, 1925.)

No. 3198.

1. Sales ⬅️456 — Contract under which possession of chattel is acquired for particular time, with specified rentals and option to purchase, is one of bailment, and not of sale.

Under the law of Pennsylvania, when person under contract containing apt words of lease or bailment receives chattel for particular time on specified rentals, with option to purchase during or at expiration of time, contract is one of bailment, not of sale, nor does inclusion of interest in rentals or optional purchase price change principle.

2. Bankruptcy ⬅️140(1)—Transferor of looms under written instruments constituting conditional sale contract and lease with option to purchase held entitled to recover looms or share of proceeds on bankruptcy of transferee.

Where Massachusetts loom works transferred to New York silk company looms for use in Pennsylvania, under two written instruments, one of which constituted conditional sales contract, and was intended to be filed in New York, and the other a lease with option to purchase, to be recorded in Pennsylvania, where conditional sales are invalid, *held*, on bankruptcy of silk company, loom company was entitled to return of looms, or sufficient amount of proceeds to pay their claims.

Appeal from the District Court of the United States for the Middle District of Pennsylvania; Charles B. Witmer, Judge.

In the matter of the bankruptcy of the Alco Silk Company. From a decree of the District Court, affirming the report of the master affecting the claim of the Crompton & Knowles Loom Works, and dismissing exceptions thereto, Arthur F. Gotthold, trustee in bankruptcy, appeals. Affirmed.

Gould & Wilkie, of New York City (Charles G. Keutgen, of New York City, of counsel), for appellant.

John G. Reading, of Williamsport, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This appeal was brought here by the trustee in bankruptcy of the Alco Silk Company to review an order of the District Court returning to the Crompton & Knowles Loom Works 46 looms or a sufficient amount of the proceeds for which they were sold to pay its claims against them. These were transferred from the loom works to the silk company in two lots. The first lot of 20 looms was transferred on June 23, 1920, and the second lot of 26 looms on June 14, 1921. The loom works is a corporation of the state of Massachusetts, and the silk company is a corporation of the state of New York, but operates a silk mill at Lebanon, Pa., where the looms were sent to be installed and operated.

When the transfers were made, the transaction in each case was evidenced by two written instruments intended to be recorded, one in the state of New York and the other in the state of Pennsylvania. The instrument in each case intended to be recorded in New York purported to be a conditional sales agreement reserving title in the vendor loom works until the full purchase price had been paid, and providing that, in case of default of any of the terms or conditions, the conditional vendor might remove the whole or any part of the looms and save itself harmless on account of the default. The instruments in each case intended to be recorded in Pennsylvania purported to be leases of the looms to the silk company at a stated rental, with the provision that, upon the failure to pay the rent as it became due, the looms were to be surrendered, and (in case there were no defaults) when these rentals had been paid, at the expiration of the leases, the lessor would sell the looms to the lessee for a nominal, stipulated sum. The

amount to be paid under the leases in each case corresponds with the amount to be paid under the conditional sales agreements. The conditional sales agreements were recorded in New York, where they are valid, and the leases were recorded in Pennsylvania, where they are valid, but where conditional sales agreements are invalid.

After the silk company was adjudicated a bankrupt, the loom works filed a petition for the reclamation of the looms. The matter was referred to Raymond Riegert, Esq., as special master, who upon a stipulation of facts recommended the return of the looms, or the payment of the proceeds for which the looms were sold under order of court to liquidate the amount still due petitioner. Exceptions were filed to the report, but the District Judge dismissed them, and adopted the special master's conclusions "as expressing the opinion of the court." The case is here on the trustee's appeal.

It was the evident purpose of the parties that title to the looms should remain in the loom works until the stipulated rental or conditional purchase price had been fully paid. This result is accomplished in New York by means of conditional sales agreements, and in Pennsylvania by the use of leases or bailments. The conditional sales agreements used in one jurisdiction and the leases in the other covered the same subject-matter, and contained provisions which secured to the parties the same practical result in each jurisdiction. This was what they intended to do. In neither instrument did they intend that title should pass until the money mentioned had been received by the loom works.

The trustee urged that the rights of the parties are governed by the laws of Pennsylvania (Dooley v. Pease, 180 U. S. 126, 21 S. Ct. 329, 45 L. Ed. 457; Thompson v. Fairbanks, 196 U. S. 516, 25 S. Ct. 306, 49 L. Ed. 577; Bryant v. Swofford Bros., 214 U. S. 279, 29 S. Ct. 614, 53 L. Ed. 997), and when both instruments, in each case, are considered together, they constitute conditional sales agreements, and not leases, and therefore title was not reserved, and the parties did not accomplish their apparent intention. There are several provisions in the so-called leases which, he says, render it impossible to construe them as leases, and which "stamp both the contracts as sales, notwithstanding the subterfuges of 'bailment' and 'rental' which were adopted."

[1, 2] The law of bailments is well settled in Pennsylvania. When a person, under a contract containing apt words of lease or other bailment, receives a chattel for a par-

ticular time and specified rentals, with an option to purchase during or at the expiration of the time, the contract is one of bailment and not of sale. The inclusion of interest in the rentals or optional purchase price does not change the principle. Enuwer v. Greer, 29 Pa. Super. Ct. 262; Dando v. Foulds, 105 Pa. 74; Ditman v. Cottrell, 125 Pa. 606, 17 A. 504; Collins v. Bellefonte Central Railroad Co., 171 Pa. 243, 33 A. 331.

These cases fully answer against the trustee the questions he has raised, and the decree is affirmed.