## DUHRKOP OVEN CO. v. TORMAY et al.

(Circuit Court of Appeals, Third Circuit. November 23, 1925.)

No. 3328.

**1. Bailment ☞1—Elements essential to validity of "bailment" under Pennsylvania law stated.**

Under Pennsylvania law, it is essential to validity of a "bailment" that there be a term for which chattel is to remain in possession of bailee, an agreed rental, and an agreement, express or implied, for redelivery of article to bailor in same or in altered form, and subject-matter of bailment must be a chattel.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bailment.]

**2. Bailment ☞1—Instrument held a contract to build an oven, and not bailment, under Pennsylvania law.**

Contract by which plaintiff agreed to install and let an oven to bankrupt for one year, and providing that, if bankrupt defaulted in payment of rental, plaintiff might resume possession, and that, if there was no default, plaintiff would deliver bill of sale, *held* a contract to build an oven, and not a bailment, under Pennsylvania law, good as against trustee; the oven not being susceptible of redelivery.

In Error to the District Court of the United States for the Middle District of Pennsylvania; Charles B. Witmer, Judge.

Reclamation proceeding by the Duhrkop Oven Company against James J. Tormay and another, trustees in bankruptcy of James H. Kohler, trading and doing business as the Purity Bakery. Decree for defendants, and claimant brings error. Affirmed.

Jenkins, Turner & Jenkins, of Wilkes-Barre, Pa. (Mitchell Jenkins, of Wilkes-Barre, Pa., of counsel), for plaintiff in error.

George H. McDonnell and Arthur H. James, both of Wilkes-Barre, Pa., for defendants in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. Pursuant to a written contract the Oven Company built an oven for Kohler upon premises which he held under lease and used as a bakery. The structure was placed outside the bakery and consisted of metal plates, tie rods, beams, pipes, flues, etc., there assembled and put together, surrounded on its four sides by brick walls, one, the outer wall of the building, and the others newly constructed walls. Kohler made some payments and defaulted in others and went into bankruptcy before all became due. The Oven Company, claiming the contract to be one of bailment (termed a lease) instituted reclamation proceedings to recover the "leased chattel." Pending the petition, the bankrupt's assets were sold free of liens and preferential claims and this claim was allowed to stand against the fund. On hearing, the referee found against the Oven Company, and, on review, the district court approved the referee's order. From the decree the case is here on appeal.

The controversy below revolved around the issue whether the contract is a bailment or a conditional sale. If the former, it is good under Pennsylvania law and the Oven Company should have the money; if the latter, it is bad and the trustee should pre-

vail. We incline to the view of the referee that it is neither one nor the other. Therefore it becomes necessary to state and examine what, admittedly, is an unusual instrument. Paraphrasing and compressing the writing, the Oven Company agreed "to let" to Kohler "for the term of one year * * * one Duhrkop Patent Oven," including a specified assortment of parts, "for the consideration of $3,400," of which Kohler agreed to pay "fifty per cent. during construction. Balance in one year at six per cent." The Oven Company then agreed "to build said oven upon the premises" occupied by Kohler. The parties further agreed that if Kohler should default in the payment of "one or more of the aforesaid sums or installments of rental," the Oven Company might "resume possession of said oven," and to do so it might enter upon the premises and "take away and enjoy the said oven" as though the agreement had not been made. Otherwise, Kohler, upon paying the installments, might "hold and enjoy the said oven for the said term." Finally, the Oven Company agreed that if Kohler should "make no default in payment of * * * the installments of rental," it would, for the consideration of the paid installments, deliver to him a bill of sale for the oven. Title was not expressly reserved by the Oven Company.

[1] To support its claim that the writing is a bailment for use, the Oven Company stands on the proposition that, under Pennsylvania law, three elements are essential to the validity of such a bailment and that they are present in this agreement. These are, "first, a term for which the chattel is to remain in the possession of the bailee; second, a rental agreed upon between the parties; and, third, an agreement for the re-delivery of the article to the bailor in the same or in an altered form, such agreement for return to be either express or implied." We venture to add a fourth element, namely; that the subject-matter of the bailment *must* be a chattel.

When the contract was entered into the oven was not in existence. Nor, "during construction" when Kohler paid $1,700, or "fifty per cent." of "the consideration," had the oven come into being. When the construction was completed, the oven for the first time became the thing contracted for. It then became an entity—whether a chattel or something else—and consisted of metal parts seated in and surrounded by masonry sunk into the ground and connected with a brick house—the very substantial cost of the

masonry being reckoned in the consideration of $3,400. While we do not hold that the oven thus built was realty, or a fixture, it is close enough to one or the other to throw light on what the parties really contemplated by their contract.

Returning to the original three elements of a bailment under Pennsylvania law, the first—a term for which the chattel is to remain in the possession of the bailee—is stated. The second—a rental—is present only in words. Payments are alternately referred to as "rental" and "consideration." We think they are the latter. The third—an agreement for re-delivery of the article to the bailor on the bailee's default—though present in words, was not contemplated in fact, because the subject matter of the agreement— an oven consisting of metal parts and masonry—is not susceptible of re-delivery. It is susceptible only of demolition, and when demolished it would not be the oven which the company had built and for which Kohler had partly paid. Much of it would be scrap; some of it, for instance, the masonry, would be valueless.

This instrument, as drawn, has several legal aspects, those of a bailment, a conditional sale, a lease of a chattel real, and a building contract. They are so commingled that it is difficult to tell what the agreement really is. It looks more like a contract to build than anything else. However, we are not called upon to define it. We are required only to determine whether it is a bailment, for, if it is not, the Oven Company, petitioner in the reclamation proceeding, is not entitled to the fund which came from the sale.

[2] We have, with the aid of counsel, made ourselves familiar with the law of bailments as construed by Pennsylvania courts and particularly with contracts of bailment where title to a chattel is reserved by the bailor to be conveyed by him to the bailee at the end of a term on full payment of the price. Myers v. Harvey, 2 Pen. & W. (Pa.) 478, 23 Am. Dec. 60; Rowe v. Sharp, 51 Pa. 26, 30; Enlow v. Klein, 79 Pa. 490; Ditman v. Caottrell, 125 Pa. 606, 17 A. 504; Farquhar v. McAlevy, 142 Pa. 233, 240, 21 A. 811, 24 Am. St. Rep. 497; Lippincott v. Scott, 198 Pa. 283, 47 A. 1115, 82 Am. St. Rep. 801; Stites v. Seaton, 200 Pa. 114, 49 A. 774; Federal Sales Co. v. Kiefer, 273 Pa. 42, 116 A. 545; Ott v. Sweatman, 166 Pa. 217, 31 A. 102; Walton v. Tepel, 210 F. 161, 127 C. C. A. 11; Smith & Bro. Typewriter Co. v. Alleman, 199 F. 1, 117 C. C. A. 577. The contract in suit

does not meet that law. Primarily, the instrument is a contract to build an oven, not to surrender a chattel for use or hire; secondarily, the builder sought to protect itself on deferred payments by writing the contract in terms peculiar to the law of bailments. But this did not make the transaction other than what it was. Lacking some of the essential elements, it was not, in our judgment, a bailment.

The decree of the District Court is affirmed.