**In re IGNELZI.**

No. 15282.

District Court, W. D. Pennsylvania.

Nov. 10, 1930.

Maurice Chaitkin, of Pittsburgh, Pa., for bankrupt.

G. Dixon Shrum, of Pittsburgh, Pa., for Gilpin & Hittner.

Lewis Alpern, of Pittsburgh, Pa., for receiver.

SCHOONMAKER, District Judge.

This case was heard on a certificate to review an order of the referee in bankruptcy directing the receiver to return to Gilpin & Hittner, Inc., certain soda fountain fixtures claimed to have been lent to the bankrupt on a bailment.

The reclamation petition was filed in this court by Gilpin & Hittner, Inc., alleging that the said soda fountain fixtures had been leased to the bankrupt on a bailment contract. The receiver answered, denying that the contract was one of bailment, but rather one of conditional sale. This petition and answer were then referred to Watson B. Adair, referee in bankruptcy, to take testimony and make such order as might be proper in the premises. The referee heard the testimony, found that a bailment-contract existed, and ordered the return of the property to the petitioners, Gilpin & Hittner, Inc. The receiver excepted to this order, and the case now comes before the court on the referee's certificate to review.

It appears from the testimony in the case, and the referee has found, that Ignelzi, the bankrupt (then opening a drug business in Pittsburgh), and Gilpin & Hittner, Inc., dealers in ice cream, made an oral contract whereby Ignelzi was to handle Gilpin & Hittner's ice cream. By the terms of this oral contract, Gilpin & Hittner agreed to purchase a new soda fountain for Ignelzi, install it in his store, the title to the fountain to remain in Gilpin & Hittner, with the understanding that ice cream would be sold to Ignelzi at $1.35 per gallon, and that 35 cents per gallon of the purchase price of the ice cream would be applied as rental on the fountain until such time as the amount of rental so paid would equal the amount which Gilpin & Hittner paid for the fountain, at which time they were to turn over the fountain to Ignelzi for the sum of $1, and it would then become the property of Ignelzi. This arrangement was to continue as long as Ignelzi dealt with Gilpin & Hittner. If Ignelzi discontinued the purchase of ice cream from Gilpin & Hittner before the final purchase of the soda fountain fixtures, then Gilpin & Hittner would remove the soda fountain and fixtures, or make an arrangement to dispose of them to Ignelzi. Ignelzi gave notes to Gilpin & Hittner to cover the value of the soda fountain purchase and the rentals to be paid. With this finding on the part of the referee, there could be no other result than to declare the contract to be one of bailment and to return the property to the claimant.

The receiver contends that there was evidence from which the referee should find that the contract was one of conditional sale, namely, the first giving of notes for the full price that Gilpin & Hittner paid for the fountain, and then the accepting of notes thereafter less the deduction of the amount of rental already paid thereon; the reduced notes from time to time being given to cover the then valuation of the soda fountain equipment. M. A. Ignelzi, the father of the bankrupt, who was present at some of the negotia-

tions, was asked who was to own the fountain, and he replied: "Mr. Gilpin bought it for him." The bankrupt testified that the 35 cents per gallon extra to be purchased by him was to be a payment on the soda fountain.

Now, this agreement was entirely an oral agreement. The referee had the witnesses before him, and found from the oral testimony that the arrangement was a bailment. We believe that the testimony of Mr. Gilpin would have justified that finding, and we fully concur in the findings of the referee that giving notes would not turn a bailment into a conditional sale. In the case of Walton v. Tepel, 210 F. 161, 163, the Circuit Court of this circuit, Judge Buffington writing the opinion, held that even the giving of a note representing the final optional purchase payment did not of itself convert the bailment into a conditional sale, saying: "Manifestly, such notes are given, not to annul a contract of bailment, but to provide for its step by step fulfillment."

Then, too, all the surrounding circumstances indicate that the contract was one of bailment. Gilpin & Hittner were not engaged in the soda fountain equipment business; they were ice cream dealers; they purchased the soda fountain equipment to be used by Ignelzi while be bought their ice cream. Ignelzi was to pay a 35-cent rental on the fountain, and the arrangement was to continue as long as he used the Gilpin & Hittner ice cream. If that relation terminated, Ignelzi was to return the fountain equipment to Gilpin & Hittner, or exercise his option to purchase at that time, paying the balance of its value after deducting the rental payments of 35 cents per gallon.

The referee has noted the decisions upon which he rests his conclusion that the oral agreement was a bailment and not a conditional sale. We think they fully justify his findings. The order of the referee will be confirmed.