# The Berlin Iron Bridge Company *v.* J. W. Bonta, Appellant.

*Contract—Promissory notes—Affidavit of defense.*

In an action to recover a balance alleged to be due upon a building contract, an affidavit of defense which alleges that the defendant had given certain promissory notes to the plaintiff to apply on the contract, without any averment that the notes had been paid or that they had been accepted as payment on the contract is insufficient to prevent judgment.

*Contract—Building contract—Affidavit of defense.*

In an action to recover a balance alleged to be due on a building contract, the defendant in his affidavit of defense averred that by reason of plaintiff's delay in completing the work he had been prevented from carrying out a contract with a corporation in which he had stock, and that the stock of the corporation had depreciated in value to the amount of about $5.00 per share, and that the defendant held twenty-three hundred and thirty-six shares of the stock. The value of these shares before and after the day the mill was to be completed was not stated. There was no averment as to when the depreciation took place, in what manner the extent of the depreciation was ascertained, how long the depreciation continued, or what was the value of the stock when the action was brought. *Held,* that the affidavit of defense was insufficient to prevent judgment.

Argued Feb. 24, 1897. Appeal, No. 506, Jan. T., 1896, by defendant, from order of C. P. Lackawanna Co., March T., 1896, No. 483, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit to recover a balance alleged to be due upon a building contract. Before ARCHBALD, P. J.

From the statement filed it appeared that plaintiff had erected a plate glass mill for the defendant under a contract dated October 23, 1894, for the stipulated price of $12,750. It was provided in the contract that the work was to be entirely completed in thirty working days after November 15, 1894, and that " by a working day is meant any day on which the weather is suitable for prosecuting the work, except Sundays and legal holidays."

In plaintiff's statement a balance of $4,659.24 alleged to be due upon the contract was claimed, and $189.70, for extra work

done by plaintiff at defendant's request, making a total of $4,848.94.

The affidavit of defense was as follows:

1. Part of the amount claimed by plaintiff, to wit: the sum of $4,250, was settled by your deponent with the plaintiff April 8, 1895, by giving notes for said amount of $4,250, by your deponent to the said plaintiff; said notes are still held by said plaintiff company as your deponent verily believes.

2. The item mentioned in plaintiff's claim, to wit: $189.70, for extra work, was never ordered by your deponent, nor did your deponent ever order any extra work, whatever, done by plaintiff.

3. By the terms of contract filed by plaintiff in this case, said building was to be finished and completed by said plaintiff within thirty working days from·November 15, 1894. The plaintiff was not hindered or delayed by your said deponent from completing said work; neither was the weather unsuitable for the prosecution of said work, and said building should have been completed under said contract not later than January 1, 1895. There had been more than the thirty working days of suitable weather for work between November 15, and January 1, 1895. The work of said building was not completed until about March 1, 1895. By reason of the noncompliance with the contract by the plaintiff your deponent was hindered and delayed from putting samples of rolled and embossed glass upon the market as he had agreed and contracted to do, and was hindered and delayed from carrying out his contract with the board of directors of The Bonta Plate Glass Company. His stock in said company depreciated in value to the amount of about $5.00 per share, of which stock your deponent held 2,336 shares. By reason of the nonfulfilment by plaintiff of the contract your deponent has suffered damages to the amount of $15,000 for the reasons above stated.

4. There has never been a settlement between the plaintiff and your deponent, and your deponent claims that he does not owe plaintiff anything; but on the contrary the plaintiff, by reason of the noncompliance with the terms of its contract is indebted to your deponent in the sum of $14,590.76, by way of set-off, for the reason that the contract for the building upon

450 BERLIN IRON BRIDGE CO. *v.* BONTA, Appellant.

which plaintiff's claim is based was not completed according to contract.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense, for the amount claimed in plaintiff's statement except $189.70, the amount charged in statement for extra work.

*Error assigned* was above order.

*W. S. Hulslander* and *A. A. Vosburg,* for appellant.—The fail ure to fulfil a contract within a certain time may become a good ground of defense : Endlich on Affidavits of Defense, 417 ; Kaufman v. Iron Co., 105 Pa. 542.

The allegation as to the depreciation in the value of the stock was sufficient. An affidavit is sufficient if it sets forth in words, by necessary inference, the indispensable elements of a good defense. It is not to be framed with the technical accuracy of formal pleadings, nor subjected to the severe scrutiny which a fine, critical skill may exercise : Kaufman v. Iron Co., 105 Pa. 542 ; Selden v. Neemes, 43 Pa. 421 ; Twitchell v. McMurtrie, 77 Pa. 383 ; Thompson v. Clark, 56 Pa. 33 ; Bronson v. Silverman, 77 Pa. 94 ; Noble v. Kreuzkamp, 11 Pa. 68.

*Everett Warren,* with him *Henry A. Knapp* and *Charles P. O'Malley,* for appellee.—Damages claimed as a set-off must be direct or capable of being ascertained by some known legal standard not contingent and merely speculative : Hunt v. Gilmore, 59 Pa. 450 ; Halfpenny v. Bell, 82 Pa. 128 ; Waterman on Set-off (2d ed.), sec. 301.

Every fact not distinctly and positively averred in an affidavit of defense is presumed not to exist : Endlich on Affidavits of Defense, sec. 363 ; Bardsley v. Delp, 88 Pa. 421 ; Blackburn v. Ormsby, 41 Pa. 101 ; Allegheny Savings Bank v. Meyer, 59 Pa. 361 : Lord v. Ocean Bank, 20 Pa. 384.

OPINION BY MR. JUSTICE WILLIAMS, March 22, 1897 :

The plaintiff's claim in this case consists of two items. One is for an alleged balance due upon a contract for the erection of a plate glass mill amounting to $4,659.24. The other is for extra work done upon the mill amounting to $189.70. The

defendant filed an affidavit of defense containing three items for which allowance was sought. The first of these was for the sum of $4,250, being the amount of certain notes given by the defendant to the plaintiff company to apply upon the contract as early as the 8th day of April, 1895. It was not alleged that the notes were accepted as payment, or that they had been paid. They had been given but at maturity, they had not been met. The plaintiff's demand was not affected by this circumstance. The learned judge of the court below was right therefore in holding that this item as stated in the affidavit presented no defense to the plaintiff's claim. The second item was a denial of the extra work. This was explicit and was an answer to so much of the plaintiff's claim as was for extra work. The court below so held. The third item was a cross-demand amounting to about three times as much as the plaintiffs' claim, and was for an alleged fall in the value of the defendant's shares of stock in the plate glass mill. The allegation is that the defendant held two thousand three hundred and thirty-six shares ; and that these shares were depreciated at the rate of "about $5.00 per share " by reason of the failure to complete the mill on the day named in the contract; and that the defendant has therefore suffered in damages because of the depreciation in the value of his stocks about $12,000. The real contest in the court below and here is over the sufficiency of this item. It will be noticed that the value of these shares before and after the day when the mill was to be completed is not stated in the affidavit. The time when the depreciation took place, in what manner the extent of the depreciation is ascertained, how long the depreciation continued, and what was the value of the stocks when this action was brought, are circumstances that the affidavit furnished no light upon. No facts from which depreciation, or its extent, can be inferred are given. Whether the stock ever had a market or selling value, whether any of it has been sold, and at what prices, and how the defendant is able to fix the depreciation at " about $5.00 per share," we are not told. So far as we can learn from the affidavit, this is but the unsupported guess of the defendant at what might have taken place if he had put his shares upon the market. This is not enough. Without assenting to this mode of measuring his damages for a delay in the completion of the plate glass mill, we are satis-

fied that the defendant has not made such a statement of facts as could support this item, if it was clear that he would otherwise be entitled to rest upon it. The affidavit is insufficient in relation to both the first and third items. The second item was well stated, and the defendant has the benefit of it in the judgment appealed from.

The assignments of error are overruled and the judgment is affirmed.