# Wilson v. Weaver, Appellant (No. 1).

*Bailment—Conditional sale—Giving notes—Notes bearing interest.*

An agreement in writing which has all the elements of a lease, is not converted into a conditional sale by the fact that the lessee in-

stead of giving notes for $100 each, due at intervals of sixty days as provided by the agreement, gave one note for the entire sum due in sixty days, and at the end of sixty days paid $100 and gave a new note for the balance. The character of the transaction is not affected by the fact that the new note was for three months with another person joined as a maker.

Provisions for interest and promissory notes are recognized as being legitimate parts of a bailment contract in Pennsylvania.

Where a bailor elects not to proceed upon notes given for rental, but retains them and proceeds upon the lease by claiming the goods levied upon as the property of the bailee, the bailment continues in force, and the bailor has a right to claim the goods as his property.

Argued March 12, 1917. Appeal, No. 16, March T., 1917, by defendant, from judgment of C. P. Lycoming Co., Sept. T., 1915, No. 80, on verdict for plaintiff in case of H. H. Wilson v. George W. Weaver et al. Before OR-LADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Sheriff's interpleader to determine title to two bay horses, one set double harness, one pair of bobsleds levied upon as the property of A. S. Wertz and claimed by H. H. Wilson. Before WHITEHEAD, P. J.

At the trial it appeared that on January 25, 1915, an agreement in writing was executed between H. H. Wilson and A. S. Wertz. The material portions of the agreement were as follows:

This agreement of bailment made the 25th day of January, 1915, between H. H. Wilson, of Williamsport, Lycoming County, Pennsylvania, bailor, of the first part, and A. S. Wertz, of Union County, Pa., bailee, of the second part, witnesseth: That the bailor, for and in consideration of the rent or hire herein reserved, and of the covenants herein contained, which rent or hire is by the bailee to be paid, and which covenants are by the bailee to be kept and performed, does hereby let or hire unto the bailee the following personal property, to wit: Two bay horses seven years old, weigh about 2,750 lbs., one double set of harness and one pair of bobsleds ........

For the term of twelve months beginning with the date of this bailment, for the rent or hire of five hundred and eighty dollars to be paid as follows: .

.................Dollars in cash on the execution of this bailment, the receipt whereof is hereby acknowledged, and one hundred dollars every sixty days until the full amount is paid ...............................

...............................................

...............................................

All deferred installments of rent or hire shall bear interest from the date hereof, and shall be evidenced by promissory notes made by the bailee to the order of the bailor, and payable at ................. West Branch Bank .......................................

The bailee covenant and agree to pay the said rent or hire and to make the said promissory notes as hereinbefore provided.

The bailee further covenant and agree to use the property hereby leased or hired in a careful and prudent manner; and not to attempt to sell or sublet the said property, or in any way part with the possession thereof, or any part thereof; and not to assign this agreement, and at any time when requested, to exhibit all of said property to the bailor or his agents; and at the expiration of this agreement, to return and surrender the said property to the bailor in as good condition as the same now is.

It is distinctly understood and agreed by and between the parties hereto that this agreement is a contract of bailment for rent or hire, and not a sale, conditional or otherwise.

It is further covenanted and agreed by the parties hereto that if at any time during the term of this bailment, or at the end thereof, the bailee desire to purchase the said property by the payment of such sum as would, with the previous payments of rent or hire, amount to the sum of five hundred and eighty dollars, the said bailee shall have the right so to do, and upon such payment shall receive a bill of sale for the property.

At the time of the execution of the writing Wertz gave to Wilson a note for the entire sum payable in sixty days, instead of the $100 notes mentioned in the agreement.

On March 25, 1915, the date of the maturity of the first note, another note was given to H. H. Wilson for $488.21, payable on June 25, 1915, and this note was signed not only by A. S. Wertz, but by John L. Wertz.

On the maturity of the last mentioned note, June 25, 1915, another note was given to H. H. Wilson for $420.44, payable on September 25, 1915, and this note was also signed J. L. Wertz and A. S. Wertz.

On September 25, 1915, the date of the maturity of the last mentioned note, another note was given to H. H. Wilson for $390.34, payable on December 25, 1915, was also signed J. L. Wertz and A. S. Wertz.

On December 25, 1915, another note was given to H. H. Wilson and payable March 25, 1916, $370, signed as the others.

On November 9, 1915, the sheriff of Lycoming County made a levy upon the personal property upon fi. fas. issued on two certain judgments entered to Nos. 280 and 281, September Term, 1915, in the Court of Common Pleas of Lycoming County, at the suit of George W. Weaver & Company, and among the personal property thus levied upon against A. S. Wertz and Daniel Wertz in the one case, and A. S. Wertz in the other case, were the two bay horses, one set of double harness and one pair of bobsleds, referred to in the written agreement between Wilson and the said A. S. Wertz.

On November 16, 1915, Harry H. Wilson made claim upon the said two bay horses, one set double harness and one pair of bobsleds, claiming the same to be his own property.

An interpleader issue was framed.

The jury returned a verdict for the plaintiff by direction of the court.   Defendant appealed.

599, (1917).]    Assignment of Error—Arguments.

*Error assigned* was in overruling motion of defendant for judgment n. o. v.

*John G. Reading,* with him *R. F. Allen,* for appellants. —But the case in hand differs so very materially from the facts in Jacob v. Groff, 19 Pa. Superior Ct. 144, that we contend that the contract, notwithstanding the paper writing of January 25, 1915, was a sale and not a bailment, because the giving of a note for the full amount of the value of the personal property, accompanied by the delivery of the personal property to the maker of the note, was an ordinary transaction of sale, and further, that the giving of a note of the kind and character described was not in compliance with the terms of the so-called bailment or paper writing between the parties.

*Max L. Mitchell,* for appellee.—It is firmly settled in Pennsylvania that an agreement of bailment is not changed in character by giving notes to cover installments of rent: Byers Machine Co. v. Risher, 41 Pa. Superior Ct. 469; Lippincott v. Holden, 11 Pa. Superior Ct. 15; Link Machinery Co. v. Continental Trust Co., 227 Pa. 37; Lippincott v. Scott, 198 Pa. 283.

Nor by a provision that the installments of rent shall bear interest: Euwer v. Greer, 29 Pa. Superior Ct. 262; Lippincott v. Scott, 198 Pa. 283; Ditman v. Cottrell, 125 Pa. 606.

The reason for the rule that taking notes to cover installments of rent does not change the character of an agreement of bailment evidently is that notes are not regarded as payment, unless specifically accepted as such, until they are actually paid: North Penn Iron Co. v. N. J. Bridge Co., 35 Pa. Superior Ct. 84; United States for use v. Hegeman, 204 Pa. 438.

The agreement in Werley v. Dunn, 56 Pa. Superior Ct. 254, is in some respects at least strikingly like the agreement between Wilson and Wertz.

OPINION BY KEPHART, J., May 7, 1917:

This is an interpleader proceeding to determine the title to horses, sleds and harness. Was the bailment subsequently changed to a contract of sale? The first assignment of error, relating to the admission of a writing dated January 25, 1915, between the appellee and Wertz, who, it is claimed, bought the horses, was not pressed. Upon examination we find the assignment to be without merit, and it is therefore overruled.

The agreement has all the elements of a contract of lease or bailment: Werley v. Dunn, 56 Pa. Superior Ct. 254. It should be treated as such unless the parties, by their acts, considered it as a contract of sale. To sustain the contention that it was a conditional sale, the appellant urges that the agreement provided that $100 should be paid every sixty days, and the deferred payments of rent "shall bear interest" and "shall be evidenced by promissory notes." Provisions for interest and promissory notes are recognized as being legitimate parts of a bailment contract in Pennsylvania: Byers Machine Co. v. Risher, 41 Pa. Superior Ct. 469; Link Machinery Co. v. Continental Trust Co., 227 Pa. 37; Lippincott v. Scott, 198 Pa. 283; Euwer v. Greer, 29 Pa. Superior Ct. 262. But it is urged that the lessee, in compliance with this stipulation in the contract, instead of giving notes each for $100, due at intervals of sixty days, gave one note for the entire sum due in sixty days. At the end of that period $100 was paid and a new note was given. This we think was a substantial compliance with the agreement. The lessee might have given notes as indicated by the appellants, but inasmuch as the contract of bailment controlled the note, the lessee was in no way injured. There was no act on the part of the owner of the note to regard it as payment, and when the required $100 was paid at the end of the sixty days, and the renewal note was given, it is clear the parties regarded the bailment contract as being in full force. The renewal note, however, was not due in sixty days, but in three

months; and in addition to A. S. Wertz, the lessee, John L. Wertz, joined as a maker. The fact that the lessor accepts additional security for rent or hire would not cause a contract of bailment to become a conditional sale. Nor would the circumstance of giving additional time in which to pay the rent have that effect. Where the parties are acting in good faith and intending creditors are not misled, they should not be put to a strict, unalterable performance of the written contract of bailment. Many cases arise wherein it is highly meritorious that arrangements just such as these should be given due effect, without changing the substantive character of the agreement of bailment. Written contracts are generally the subject of change or modification after their execution. What we have here said applies to the subsequent notes given.

The levy in this case was made before the end of the term specified in the lease. At its expiration a further extension of time was given and a new note taken for the rent. Apart from the rule that the question of title is to be determined at the time of the levy, this further extension was within the contractual rights of the parties as bailor and bailee. The bailor did not put it out of his power to proceed on the bailment contract, though the note was discounted; he did not take step to enforce its collection, and when called for the lessee's note was in the bailor's possession as his property, representing the balance of the rent reserved in the bailment. The notes were not accepted as payment either by the contract or act of the bailor, and should not be regarded as payment until actually paid: N. Penn Iron Co. v. N. J. Bridge Co., 35 Pa. Superior Ct. 84. Where the bailor elects not to proceed upon the notes, but retains them and proceeds upon the lease, the bailment continues in force and the goods remain his property. Having asserted his claim under the contract of bailment, he cannot proceed on the notes given for the rent: Jacob v. Groff, 19 Pa. Superior Ct. 144.

The judgment of the court below is affirmed.