## Bank of Secured Savings, Appellant, *v.* Rudolph et al.

*Bailments—Conditional sales—Automobiles—Delivery—Title.*

Where persons trafficking in and loaning money on automobiles, execute a number of papers, all giving a similitude of the passing of title, the courts will look through the screen of paper titles to ascertain what is the real situation.

An instrument purporting to be a bailment lease of an automobile will be considered a conditional sale where the contract contains such expressions as "buyer," "seller," "purchase price," and is obviously a device to secure the balance of the purchase money by a pledge of the automobile.

The words employed evincing an intention of making it a bailment do not overcome these facts that show it was a sale. What is in the minds of the parties can be sometimes ascertained by the undesigned utterances that are contained in the paper, and the

significant phrases comprehended in the instrument establish that the transaction was in all essentials a conditional sale.

Argued May 8, 1924. Appeal, No. 9, April T., 1924, by plaintiff, from judgment of C. P. Allegheny Co., Oct. T., 1921, No. 2, in favor of defendant non obstante veredicto in the case of Bank of Secured Savings, a Corporation, v. O. F. Rudolph et al. Before HENDERSON, TREXLER, LINN and GAWTHROP, JJ. Affirmed.

Interpleader to determine title to automobile. Before FORD, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff. Subsequently, on motion, the court entered judgment in favor of the defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was the decree of the court.

*Frederic W. Miller,* of *Robb & Miller,* and with him *S. H. Reichman,* for appellant, cited: Bowersox v. Weigle & Meyers, 77 Pa. Superior Ct. 367; Bank of N. A. v. Penn M. C. Co., 235 Pa. 194, 10 Ruling Case Law, p. 380; Myers' Estate, 238 Pa. 195-211.

*Blythe S. Weddell,* of *Redden, Weddell & Hosack,* for appellee, cited: Brunswick, etc., Co. v. Hoover, 95 Pa. 508; Ott v. Sweatman, 166 Pa. 217; Forrest v. Nelson Bros. & Co., 108 Pa. 481; Barlow v. Fox, 203 Pa. 114; Bank of North America v. Penn Motor Car Co., 235 Pa. 194.

OPINION BY TREXLER, J., July 2, 1924:

The matter came before the lower court in the form of a feigned issue resulting from the application to the sheriff for an interpleader on the part of the Bank of Secured Savings who claimed to be the owner of a motor

truck which had been levied upon as the property of W. F. Leasure. At the trial binding instructions were given in favor of the plaintiff, but afterwards judgment was entered for the defendant non obstante .veredicto. The facts are as follows: Leasure obtained a motor truck from the Manchester Auto & Machine Company. The first paper in the transaction is in the form of a written order which was as follows: "Gentlemen: Please enter my order for one 3½ ton Atterbury Truck #5735 to be delivered on or about soon as possible, one week

Price $

| | |
|---|---:|
| Chassis freight and Tax ............· | 4150.00 |
| Body and painting ................ | 250.00 |
| Columbia Hand Hoist ............. | 150.00 |
| F. O. B. Pittsburgh, Pa., on which I hereby deposit $...... which I agree to forfeit if truck is not taken. | |
| Ins. & Int., Fire, theft & Collision one year $50.00 deductible ............ | 423.34 |
| | 4973.34 |

The title to Truck shall remain in you until purchase price is paid in full. Following cars to be taken in trade as part payment:

| | | |
|---|---:|---:|
| Overland five passenger touring car in running order ..............$300.00 | | |
| Ford one ton truck in running order | 450.00 | |
| Ninety day note, endorsed by Mr. Barr .......·................ | 500.00 | |
| | | 1250.00 |
| | | 3723.34 |

Balance $3723.34 covered by lease and 12 notes [one note for the entire amount was given] with Republic Mortgage Company to be paid off within one year from

date of delivery of Atterbury truck. It is understood there are no representations or agreements not mentioned in this order." This was followed by a lease agreement which had a printed notation on the top: "to be used in connection with Time sales in Pa., N. J., and Ill." It purported to be a lease at a certain rental. The list price of the motor car is given at $4,550 and the value is $4,973.34; for the use of this car the lessee paid $1,250 as the first installment and agrees to pay $310.37 each recurring month for twelve months after date with interest at the rate of 6% and lessee gave a promissory note maturing on the due dates of the respective installments "not as payment, but as evidence of the amounts to become due hereunder." The paper further provided "at the expiration of the term of the lease, lessee should surrender the machine in good condition and if he does not do so the lessee may at his option purchase same upon the further payment of $1 provided all the conditions of the lease have been complied with." The paper contained the usual clauses that are found in such contracts, provision for insurance against loss by fire or theft; title shall remain in the lessor, etc. Then follows this clause: "Upon default by the lessee with respect to any rental payments, principal or interest, or if said machine is removed or attempted to be removed from the state in which buyer now resides or to be otherwise disposed of, or if buyer shall sell or encumber or shall attempt to sell or encumber said machine, or in case of misuse or abuse thereof, or whenever the seller or his assigns, shall deem the debt insecure, then the holder of any note then unmatured may, at his option, declare said note immediately due and payable." It further provided: "Upon any default in payment of any installment of rental, or upon breach of any condition or covenant the lessee must deliver the machine to the lessor and should he fail to do so, the lessor shall have the right without notice or demand to terminate the lease and to take possession of the machine wherever found and shall retain all pay-

ments made by lessee for the violation of this agreement, and for loss in value of machine or rental thereof. The lessor may enforce payment of said note, and no suits or legal proceedings shall be deemed any waiver of said right of lessor to so take possession." Was this a bailment or a conditional sale? As we approach the question, the words of Justice SCHAFFER in Root v. Republic Acceptance Corp., 279 Pa. 55, 57, are apposite: "The complicated dealings between many of those trafficking in and loaning money on automobiles has reached a point where the courts must strip transactions of their pretences and look at them as they really are, with the camouflage of papers giving a similitude of the passing of title removed, or they will be dealing with fictions instead of facts. Those who buy and sell, bail and loan money on motor vehicles must be given to understand that the realities of their transactions will be sought for by the courts; they will look through the screen of paper titles to ascertain what was the real situation." Instead of merely following the terms employed, the court will look beyond them to ascertain the real facts. We quote from re Morris, 156 Fed. Reporter 597, 598: "While, therefore, it is easy enough to make an agreement speak as a lease or a bailment, where that was what was actually in the mind of the parties, where the fact is that the one desires to sell and the other to buy, the attempt to have the arrangements masquerade in writing as something else is very likely to fail. There are apt terms and provisions for the one, which are inapt and unadaptable for the other, and the result is a nondescript, the different parts of which defeat each other and make manifest the real purpose in view. And this is also often betrayed by the unusual little things which creep in, 'the clausulae inconsuetae pointed to in Twyne's case, 3 Rep. 80, as the sure badges of that which they are intended to hide.' Taylor v. Taylor, 8 How. 183, 205, 12 L. Ed. 1040; In re Baxter (C. C. A.) 152 Fed. 137, 141. As experience teaches, such instruments are prompted

by the desire on the part of the owner of the goods to have the benefit of a sale while escaping its responsibilities, retaining a hold on them so as to be secure of the price, without subjecting them to the claims of creditors by reason of having parted with the possession, although giving credit to the one obtaining them, in their eyes, as the apparent owner thereby. This is not the policy of the law, and there is no occasion for the courts to be astute in helping to get around it." The substance of the agreement and not its form must determine. We notice in the instant case that there were two papers, the first in all its essentials is a conditional sale, the price of the car is given, the amount, the value of merchandise transferred in part payment is set forth, "the purchase price" is referred to and it will be noticed that the "balance is to be covered by lease," evidently intending the subsequent transaction to be in effect the securing of the balance of the money by a pledge of the machine under the guise of a lease.. This paper and the so-called lease must be construed as one transaction: Brunswick and Balke Co. v. Hoover, 95 Pa. 508. We have already pointed out above the significant details contained in the lease, the reference to the form to be used in connection with "time sales," the use of the word "buyer" and "seller." The first installment of $1,250 was referred to as rental while the entire balance is to be paid in rentals of so much per month. How this amount, which was taken in trade as part payment, would subsequently be turned into rental is hard to say. The whole thing on its face is a device to secure the balance of the purchase money by a pledge of the truck. The words employed evincing an intention of making it a bailment do not overcome these facts which show that this was a sale. What is in the minds of the parties can be sometimes ascertained by the undesigned utterances that are contained in the paper. The reference to the right of the seller to declare the note immediately due

and payable when he shall deem the debt "insecure" is very significant.   We think the contract between the parties was one of buyer and seller and not a bailment.

The lower court seemed to be in some doubt as to this branch of the case and decided in favor of the defendant upon the theory that the Manchester Auto & Machine Company, the original party to the transaction, had parted with its title and the property rights vested in Leasure.   The facts chronologically stated are, that on December 30, 1919, the Manchester Auto & Machine Company assigned the note to the Republic Mortgage Company and guaranteed payment and assigned the agreement to the same company.   The Republic Mortgage Company endorsed the note to the Colonial Finance Company.   The date fixed for the final payment of the note was December 30, 1920.   Payment was not made until January 7, 1921.   On that day the Manchester Auto & Machine Company gave Leasure the money to pay the note to the Colonial Finance Company, who stamped the lease and note as paid and returned them to the Manchester Auto & Machine Company.   February 17, 1921, the Manchester Auto & Machine Company by bill of sale sold the truck to the Bank of Secured Savings for the consideration of $1,577, the balance due on the purchase price and a note for a slightly higher amount signed by Leasure and endorsed by the company was discounted by the bank proceeds to the credit of the machine company, and on the same day the bank executed a lease for the truck in that sum payable 30 days thereafter to Leasure.   Several payments on the note were made, and renewals had, the amount being reduced to $1,000.   This balance of $1,000 was paid by the Machine Company, the bill of sale and note were returned to it.   The lower court took the position that when the original note and lease were marked paid by the Colonial Finance Company, the title vested in Leasure.   Whatever merit there may be in this position, we prefer to

base our judgment upon the language employed in the original contract.    We think it discloses a conditional sale.

The judgment is affirmed.