## Pearce v. Armold and Umble.

*Bailment or conditional sale—Lease of personal property.* .

Where certain horses and mules were transferred under a written lease specifying a certain term and that the animals were to be returned in case all of the payments were not made, and that when the instalments were completed, and not until then, the animals were to become the property of the lessee, the agreement is a bailment and not a conditional sale, and the animals can be recovered by the lessor from execution creditors of the lessee before the termination of the lease.

Replevin. Rules for a new trial and for judgment *n. o. v.* C. P. Lancaster Co., Dec. T., 1923, No. 34.

*John M. Groff,* for defendant and rule; *Charles W. Eaby,* contra.

LANDIS, P. J., Jan. 17, 1925.—The plaintiff, on Jan. 2, 1923, made the following agreement: "I, for a valuable consideration, hereby agree to have this day leased and rented from H. V. Pearce a certain pair of bay mules at and for the sum of twenty dollars per month for seventeen months; and we hereby agree that said animal shall not be sold by me during the term of this lease; that said animal shall remain the property of the said H. V. Pearce until all rental is paid; that should I not be able to make said payments, I will return said animal to the said H. V. Pearce, and when said monthly instalments are completed, then, and not until then, shall said animal belong to me and become my property. Witness my hand and seal this 2nd day of January, 1923. (Signed) Harvey T. Armold (Seal)." A like agreement was made on June 7, 1923, concerning a sorrel horse, which was leased and rented for the sum of $17.50 per month for ten months, or $175. Under these agreements, the plaintiff transferred to Armold the pair of mules and the sorrel horse. When

the first agreement was made, Armold also signed a promissory note, with judgment clause attached, for $340, which was reduced from time to time to $315; and when the second agreement was made, a promissory note was given for $175, also with judgment clause attached, which was reduced to $170. Armold took the mules and the horse to a farm in Conestoga Township, which was owned by Christian J. Umble; that is, Armold was the tenant of Umble, and when Armold became indebted to Umble, he gave him a judgment note, upon which execution was issued and the mules and the horse were sold at sheriff's sale to Umble. Thereupon Pearce issued a writ of replevin for the same, and Umble, refusing to give them up, gave bond and became an intervening defendant.

The first question that presented itself on the trial was whether or not the papers signed were bailments or conditional sales. We were of the opinion that they were bailments and not conditional sales, and an examination of the authorities convinces us that that conclusion was well warranted.

In Werley v. Dunn, 56 Pa. Superior Ct. 254, Henderson, J., delivering the opinion of the court, said: "We are not able to agree with the appellee that the contract of Nov. 10th is a conditional sale. It has all the essential features of the lease of a chattel and the case is not distinguishable in principle from Edwards's Appeal, 105 Pa. 103; Bretz v. Diehl, 117 Pa. 589; Farquhar v. McAlevy, 142 Pa. 233; Jones v. Wands, 1 Pa. Superior Ct. 269, and many other cases. The contract is in terms a lease; it fixes the period during which it is to be in force; it provides for monthly payments of rent, for safekeeping and return of the property to the lessor at his place of business at the end of the term. The provision that on the payment of a stipulated sum at the end of the term the lessee may purchase the horses and mules is quite like the usual provision in such instruments. In most instances probably contracts of this character are made with the intention on the part of the lessor and lessee that a sale shall take place, and security is often given for the rent and provision made that the rent shall constitute the purchase money in the event that it is paid according to the contract; but neither the provision for a final sale nor the taking of security for the rent changes the character of the transaction. The written agreement in this case appears on its face to be a bailment, and the evidence does not clearly show that the transaction was a conditional sale. As all the testimony in the case was introduced by the plaintiff, our discussion is based upon a state of facts which the evidence might establish. As we view the case, the title of Rarick was that of a bailee at the time the defendant bought the mules from him, and as such bailee he could not transfer a good title."

In Wilson v. Weaver, 66 Pa. Superior Ct. 599, Kephart, J., delivering the opinion of the court, said: "The fact that the lessor accepts additional security for rent or hire would not cause a contract of bailment to become a conditional sale. Nor would the circumstance of giving additional time in which to pay the rent have that effect. Where the parties are acting in good faith and intending creditors are not misled, they should not be put to a strict, unalterable performance of the written contract of bailment. Many cases arise wherein it is highly meritorious that arrangements just such as these should be given due effect without changing the substantive character of the agreement of bailment."

We do not think the case of Bank of Secured Savings v. Rudolph, 83 Pa. Superior Ct. 439, is applicable to the present situation. There it was held that "an instrument purporting to be a bailment lease of an automobile will be considered a conditional sale where the contract contains such expressions as

'buyer,' 'seller,' 'purchase price,' and is obviously a device to secure the balance of the purchase money by a pledge of the automobile." Here it is particularly specified that the property is leased for a certain term, and that the animals shall be returned in case all the payments are not made; that when the instalments are completed, then, and not until then, shall the animals become the property of Armold.

We are of the opinion that the verdict was proper under the circumstances, and that the rule for a new trial should be discharged and the motion for judgment *non obstante veredicto* overruled.

Rule discharged and motion overruled.

From George Ross Eshleman, Lancaster, Pa.