## C. Trevor Dunham, Inc., v. Maloney et al.

*Judgment—Rule to strike off—Irregularity—Record.*

1. A judgment will not be stricken from the record except for some irregularity appearing upon the face of the record.

2. Where a negotiable judgment note, given at the time a lease of an automobile was executed, contains a warrant of attorney for the confession of judgment against the maker "in favor of the lessor or any subsequent holder," and a subsequent holder enters judgment, such judgment is regular on its face and will not be stricken off.

3. In such case, if there is a dispute as to the nature of the lease, a rule to open judgment is the proper practice.

4. On a rule to strike off a judgment, payment cannot be considered.

Rule to strike off judgment. C. P. Columbia Co., Sept. T., 1925, No. 155.

*Edward J. Flynn* and *M. A. Kilker,* for rule.

*H. G. Teel* and *H. Mont. Smith,* contra.

POTTER, P. J., 17th judicial district, specially presiding, Sept. 12, 1925.— This is a rule to show cause why the above stated judgment should not be stricken from the records. At the outset, we deem it proper to say that a judgment will not be stricken from the records except for some irregularity appearing upon the face of the record: Hall *v.* West Chester Pub. Co., 180 Pa. 561; O'Hara *v.* Baum, 82 Pa. 416; Bredden *v.* Gilliland, 67 Pa. 34. This

principle of law is so elementary that a citation of authorities to sustain it seems like surplusage.

In this case a judgment exemption note, under seal, was signed by Thomas Maloney, the principal defendant, in the sum of $1762.66, dated March 9, 1925, payable to Kreisher Auto Sales, who endorsed it over to C. Trevor Dunham, the plaintiff herein. Among other things, the note provides for a confession of judgment against the maker "in favor of the lessor or any subsequent holder hereof."

We cannot discover any irregularity upon the face of the record, and the petitioner has failed to point out any in argument which would be cognizable in this proceeding. There is a warrant of attorney for the confession of judgment against the defendant in favor of the plaintiff "or any subsequent holder." Dunham is a subsequent holder or owner of the note, which is negotiable, so Dunham steps into the place of the Kreisher Auto Sales, the original payee.

A lease was executed at the time of the transaction, which was regarded by the parties as a lease of an automobile, which was also signed by Maloney. The construction of this lease, or by what name it may be designated, is not before us. All that concerns this rule is whether or not this judgment should be stricken off. If the merits of the judgment are to be gone into, the rule should have been to open it. The case of Bank of Secured Savings v. Rudolph et al., 83 Pa. Superior Ct. 439, has been cited to us by the petitioner. That was a case to try title to personal property by interpleader proceedings, which we do not have here, where the merits of the case could be gone into. We do not think it applicable. In that case the question arose whether the paper was a bailment or a conditional sale, which we do not have before us in this proceeding. That case embraced matters outside the record, which we cannot do.

The petitioner takes the position that, as this note was endorsed by the Kreisher Auto Sales to C. Trevor Dunham, no judgment could be entered against this defendant because the plaintiff was not a party originally to the note; that the original plaintiff, the Kreisher Auto Sales, is the only party who could enter judgment on it, and not being entered by them, but by a new owner, the judgment is void and should be stricken off; that there is no warrant or authorization for the entry of judgment by the assignee of the note. The case of Ahern et al. v. Standard Realty Co., 267 Pa. 404, in which case Stewart v. Lawson, 181 Pa. 549, is cited, is cited tending to sustain this position.

In the cases just cited the defendants changed by an assignment, and the assignee had not signed the instrument on which judgment was entered, and not having authorized a confession of judgment, of course, none could be entered, while in the case at bar the plaintiff is changed by assignment and the defendant remains the same, the same person who had originally signed the note authorizing the confession of judgment, and we fail to see why judgment could not be entered against him by the new plaintiff. The cases cited are not at all similar to the one under consideration. In fact, they are just the reverse. Payment is also set up as a defence, which we cannot consider in this proceeding.

We are disposed to think that the petitioner has mistaken his remedy, which should be a rule to open the judgment, when he would have full opportunity to present the defences he alleges.

And now, to wit, Sept. 12, 1925, the rule to strike off the judgment is discharged, to which an exception is noted for the petitioner and a bill is sealed.

From Charles P. Ulrich, Selinsgrove, Pa.